IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN BALDERAS and VICENTE AUIATAZ, <br> Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-2110 |
| AC & SONS, INC. and COLBURN MCCLELLAND <br><br> Defendants. | § <br><br> § | <br><br> JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiffs Juan Balderas and Vicente Auiataz ("Plaintiffs"), by Defendants AC & Sons, Inc. and Colburn McClelland ("Defendants").

## Parties

1. Plaintiffs Juan Balderas ("Balderas"), Vicente Auiataz ("Auiataz"), former employees of Defendants, are personally engaged in interstate commerce during their employment with the Defendants, and are represented by the undersigned.

2. Defendant AC & Sons, Inc. ("AC") is a Texas corporation and an "employer" as defined by the FLSA. With respect to Plaintiffs, AC & Sons is subject to the provisions of the FLSA. AC was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. AC may be served through its registered agent, Angie McClelland at 6103 Verde Place, Katy, Texas 77493, or wherever she may be found.

3. Defendant Colburn McClelland ("McClelland") is and individual who was an "employer" of the Plaintiffs at all relevant times, and who was an enterprise engaged in commerce or the production of goods for commerce, and who is jointly liable for all overtime owed to Plaintiffs by AC. McClelland may be served with process at his home address of 6103 Verde Place, Katy, Texas 77493, or wherever he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Factual Allegations

5. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

6. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

7. At all times pertinent to this Complaint, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business.

8. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

2

9. During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

10. Plaintiff Juan Balderas worked for Defendants as a cook from August of 2011 until May of 2019. Balderas's duties included, but were not limited to, prepping and cooking food.

11. Plaintiff Vicente Auiataz worked for Defendants as a cook from 2017 to April of 2019. Auiataz's duties included, but were not limited to, prepping and cooking food, cleaning the kitchen and washing the dishes and pots.

12. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiffs' regular and overtime work. Defendants tracked Plaintiffs' time and paid them on an hourly basis. Defendants had actual knowledge of the number of hours being worked by Plaintiffs. In an apparent attempt to hide the number of hours that he was working, Defendants regularly ordered Balderas to clock in at another of Defendants' restaurants, Crown Pizza, when he worked.

13. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

14. Defendants' actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

### Plaintiffs' Individual Allegations

15. As a non-exempt hourly employees, Plaintiffs were entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendants failed to pay the Plaintiffs the

required overtime premium in nearly every workweek that the Plaintiffs were employed by Defendants, as the Plaintiffs worked in excess of 40 hours in almost every week they worked for the Defendants. Plaintiffs were paid on an hourly basis, but were not paid premium pay for hours worked over 40.

16. No exemption excuses the Defendants from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiffs. Such practice was and is a clear violation of the FLSA.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Wages Owed

17. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiffs for work performed in the employ of the Defendants.

18. Plaintiffs have suffered damages as a direct result of Defendants' illegal actions.

19. Defendants are liable to Plaintiffs for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

20. Plaintiffs demand a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiffs demand:

1. Judgment against Defendants for an amount equal to Plaintiffs' unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Judgment against Defendants that their violations of the FLSA were willful;

4

4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS JUAN BALDERAS AND VICENTE AUIATAZ**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFFS JUAN BALDERAS AND VICENTE AUIATAZ**